UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMBERTO FEIJOO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-11453-GAO |
| ) | |
| MASSACHUSETTS DEPARTMENT OF ) | |
| PUBLIC SAFETY, ET AL., ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

On August 6, 2012, Plaintiff Humberto Feijoo ("Feijoo"), a prisoner in custody at MCI Shirley in Shirley, Massachusetts, filed a self-prepared Complaint against the Massachusetts Department of Public Safety ("DPS"); the Massachusetts Department of Correction ("DOC"); Commissioner Luis Spencer ("Spencer"); Deputy Karen Dinardo ("Dinardo"); a nurse from UMass Correctional Health Services ("UMass") identified only as "Dianna;" and Superintendent Kelly Ryan. Feijoo alleges that the DPS, DOC, Spencer, and Dinardo have failed to comply with the terms of a May 16, 2010 Settlement Agreement between Feijoo and the DOC and its affiliates, entered into in <u>Feijoo v. Massachusetts Department of Corrections, et al.</u>, Civil Action No. 06-12226-GAO. He sues Nurse Dianna for damages to his privately-owned electric wheelchair. Feijoo alleges his claims arise under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), and state law.

In brief, Feijoo alleges that the Settlement Agreement allowed him to purchase one power wheelchair at his own expense;[1] however, the DOC chose the vendor (Allday Medical

---
[1] Feijoo claims it has been medically recommended by the DOC medical care provider that he have the use of a wheelchair due to complications caused by multiple sclerosis. Exh. C (a

Supply), and that vendor does not have a local outlet for repairs. Feijoo alleges that his power wheelchair was damaged by several DOC or UMass employees who tried to destroy the power chair while he was asleep. Compl. at ¶ 15. Specifically, he contends that Nurse Dianna damaged the left hand rail beyond repair while she was attempting to transfer Feijoo from the chair to the toilet, requiring the whole wheelchair to be replaced. She was distracted at that time by Officers holding conversations with her, causing her to misapply the harness, ripping off the arm of the chair. Additionally, an inmate damaged the wheelchair's braking system, stripping a bolt from the chair. The wheelchair was damaged further when Grievance Coordinator Lt. Timothy Baramatis attempted to repair it.

Feijoo contends he needs to have a wheelchair that has a support system for repairs or damages. He claims the Settlement Agreement states that the DOC will assist him in finding a vendor to repair the wheelchair when needed. He has advised the administration about this, but nothing has been done. He seeks a replacement wheelchair that has been given to him by the Paralyzed Veterans of America. Repairs for that chair are more easily accessible.

As relief, Feijoo seeks an Order directing that the DOC allow him to obtain another power wheelchair that can be repaired by local vendors, and specifically, one that has been given to him by the Disabled American Veterans Association. He also seeks Court-appointed counsel, preferably his prior appointed counsel, Stan Helinski, Esq. Additionally, he seeks compensatory and punitive damages. Finally, he seeks an Order prohibiting the Defendants from retaliating against him.

---

neurology consultation report). He needs an electric or power wheelchair because he would be confined to a bed all day long without one.

Accompanying his Complaint, Feijoo filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 4), a Motion to Waive Fee of Service by the U.S. Marshal Service (Docket No. 3), and a Motion for Appointment of Counsel (Docket No. 2).

On August 9, 2012, a Procedural Order (Docket No. 8) issued denying Feijoo's Motion for Leave to proceed *in forma pauperis* (Docket No. 4) without prejudice to renew provided he submit a certified prison account statement.

Thereafter, on August 17, 2012, this Court received Feijoo's certified prison account statement (Docket No. 12); however, on August 21, 2012, the Court received the filing fee of $350.00. On August 27, 2012, Feijoo sent in a Letter (Docket No. 10) indicating that his family intended to pay the filing fee for him, and asking for the status of this. He also attached a renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 10-1).

## DISCUSSION

I.  The Renewed Motion for Leave to Proceed *In Forma Pauperis*

Although Feijoo has submitted a certified prison account statement and a renewed Motion for Leave to Proceed *in forma pauperis* as directed, the filing fee issue now is rendered moot in light of the payment of the $350.00 filing fee by family members. Only one filing fee may be collected in an action. Therefore, this Court will not direct the return of the $350.00 filing fee, but will not make any filing fee assessment pursuant to 28 U.S.C. § 1915(b) for funds to be withdrawn from Feijoo's prison account to satisfy the filing fee requirements.

Accordingly, Feijoo's Renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 10-1) is <u>DENIED</u> as moot in view of the payment of the $350.00 filing fee.

Notwithstanding this ruling, however, the Court deems Feijoo to lack funds to pay for

3

service of process on the defendants, and therefore will direct the United States Marshal Service to effect service if and/or when summonses issue, *see infra*.

II.     Motion for the Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[2]  However, a civil plaintiff lacks a constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id.  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Id. at 24.

In Feijoo v. Massachusetts Department of Correction, et al., C.A. 06-12226-GAO,  this Court appointed *pro bono* counsel for Feijoo.  In view of Feijoo's circumstances, and after a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, this Court finds that appointment of *pro bono* counsel is warranted in this action as well.  Accordingly, his Motion for Appointment of Counsel (Docket No. 2) is ALLOWED, and the matter is referred to the Court's *Pro Bono* Coordinators to obtain counsel for Feijoo.

In his motion, Feijoo requests that his prior *pro bono* counsel, Stanley Helinski, Esq. be

---

[2]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. cf. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

4

appointed in this action; however, at this juncture, Attorney Helinski has declined to continue representation as *pro bono* counsel. Accordingly, a different *pro bono* counsel will be appointed if an attorney willing to accept an appointment can be located.

III.     Summonses and Service; Filing of an Amended Complaint

No summonses shall issue at this time in light of this Order. If and/or when counsel is appointed, he/she shall have thirty (30) days from the date of the Order of Appointment to file an Amended Complaint if counsel deems it appropriate.[3] At that time, *pro bono* counsel shall make a request to the Clerk for the issuance of summonses with respect to the named Defendants in the Complaint (or any Amended Complaint), and the Clerk shall issue summonses.

Upon the issuance of summonses, the United States Marshal is directed to effect service of process as directed by the Plaintiff, and shall advance the costs of service.

Accordingly, Feijoo's Motion to Waive Service by the U.S. Marshal Service (Docket No. 3) is DENIED without prejudice.

CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1.     Plaintiff's Renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 10-1) is

---

[3]Feijoo's *pro se* Complaint contains pleading deficiencies pursuant to Rule 8 of the Federal Rules of Civil Procedure. For instance, he asserts his claims are based on violations of the Constitution and the ADA, but fails to set forth the basis for those claims, or the individual Defendants liable under those legal theories. As pled, his claims appear to be based solely on violation of the Settlement Agreement (breach of contract), and negligence by Nurse Diana. He makes no reference to the specific federal cause of action asserted against Superintendent Ryan or Commissioner Spencer. Further, there is no allegation that this Court retains continuing jurisdiction over the Settlement Agreement. In the absence of the assertion of plausible federal claims against each Defendant separately, this Court questions its subject-matter jurisdiction based on the *pro se* Complaint, but considers that an Amended Complaint might cure the jurisdictional and Rule 8 pleading problems.

5

DENIED as moot in view of the payment of the $350.00 filing fee;

2. Plaintiff's Motion for Appointment of *Pro Bono* Counsel (Docket No. 2) is ALLOWED;

3. Plaintiff's Motion to Waive Service by the U.S. Marshal Service (Docket No. 3) is DENIED without prejudice;

4. No summonses shall issue at this time; upon appointment, *pro bono* counsel shall have 30 days to file an Amended Complaint if appropriate, and counsel shall request that the Clerk issue summonses;

5. If requested to do so by *pro bono* counsel, the Clerk shall issue summonses; and

6. Upon the issuance of summonses, the United States Marshal shall effect service of process as directed by the Plaintiff, and shall advance the costs of service.

SO ORDERED.

    /s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: September 5, 2012